UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PEARL DUNLAP, as personal representative of the estate of JESSE P. DUNLAP,

Plaintiff,

v.

Case Number 18-00278
Honorable David M. Lawson

SEVIER COUNTY, RONALD L. SEALS, LARRY MCMAHAN, IAN MORLEAN, KYLE MILLER, DAVID BUCHAN, JOEY LEONARD, MALCOLM BRANDRIFF, QCHC, INC. a/k/a QUALITY CORRECTIONAL HEALTHCARE, RACHEL PARTON, and RICKY NEICE,

Defendants.
_______________________________________/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE AND GRANTING COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The plaintiff's decedent, Jesse P. Dunlap, initially filed this action alleging that the defendants violated his constitutional rights when he was an inmate at the Sevier County, Tennessee jail. The County defendants (Sevier County, Ronald L. Seals, Larry McMahan, Ian Morlean, Kyle Miller, David Buchan, Joey Leonard, and Malcolm Brandriff) moved for summary judgment. The plaintiff did not respond to that motion. Instead, she filed a motion for voluntary dismissal without prejudice. The County defendants oppose that motion. The Healthcare defendants (QCHC, Inc. a/k/a Quality Correctional Healthcare, Rachel Parton, and Ricky Neice) did not respond to the plaintiff's motion. A dismissal of the case without prejudice would cause undue prejudice to the County defendants. The same cannot be said, however, for the Healthcare defendants. And the undisputed facts on the present record demonstrate that the County defendants are entitled to a judgment of dismissal as a matter of law. The County defendants' motion for

summary judgment will be granted, and the plaintiff's motion to dismiss without prejudice will be granted as to the Healthcare defendants but not the County defendants.

I.

Jesse Dunlap passed away while this case has been pending and his estate's personal representative was substituted as the plaintiff. The facts of the case, gleaned from the complaint and the County defendants' motion papers, are that the decedent was taken into custody at the Sevier County Jail on July 4, 2017. Upon intake he was subjected to a screening that included queries about his medical history. The only medical issues reflected in the intake records were (1) history of hand surgery in 2000, (2) allergy to thorazine, (3) broken teeth and cavities, and (4) a history of treatment for mental health issues including, depression and suicidal ideation and prescriptions for various antipsychotic medications.

The records indicate that the decedent was placed on suicide watch in an observation cell, and watch logs recorded observations at 15-minute intervals, noting that he was intact and well. The suicide watch continued for three days until, after a reevaluation by a jail nurse, the plaintiff was discharged from observation and placed in the general population. The next day, on July 8, 2017, the plaintiff fell off the top bunk bed in his cell. He was taken to LeConte Medical Center for treatment. On July 24, 2017, he was released from jail.

Jesse Dunlap filed his complaint in this Court on July 5, 2018, alleging that the defendant jailers and medical personnel neglected serious threats to his mental and physical well-being while he was incarcerated in the Sevier County Jail. On September 17, 2018, the originally assigned district judge issued a scheduling order that established, among other things, a deadline for completion of all discovery on November 13, 2019, and a trial date of February 11, 2020. In

August 2019, after a suggestion of death was filed, the personal representative of the decedent's estate was substituted as plaintiff.

The County defendants filed a motion for summary judgment on September 16, 2019. On October 17, 2019, the plaintiff filed a motion asking the Court to defer its ruling on defendants' summary judgment motion and allow further "limited discovery." The plaintiff never filed any brief in opposition to the motion for summary judgment. On January 14, 2020, the matter was reassigned to the undersigned. The Court then issued an order cancelling the jury trial and pretrial deadlines pending a ruling on the defendants' motion, and denying the plaintiff's motion to defer ruling and allow further discovery, after finding no good cause for further delay of the proceedings and no excuse for the apparent neglect of the litigation by plaintiff's counsel.

The plaintiff argued in her procedural motion that the Court's rulings on her claims should be deferred and more time allowed for discovery because (1) she never was informed before the motion for summary judgment was filed that the defendants would assert defenses of qualified and other immunities, (2) the development of the case by counsel was complicated by the passing of the plaintiff's decedent in the summer of 2019, and was delayed by the need to seek appointment of a personal representative for the estate to be substituted as a party, (3) defendants' counsel unreasonably failed or refused to respond to informal email inquiries about scheduling depositions that were conveyed by plaintiff's counsel approximately nine weeks before the close of discovery, and (4) discovery depositions of the individual defendants would lend crucial support to the plaintiff's rebuttal of their defenses. Plaintiff's counsel also asserted, based on his experience in this type of practice, that municipal defendants typically resist all discovery before receiving rulings by the Court on any immunity defenses. But the Court found no good grounds to extend the discovery period because the plaintiff never filed any motion to compel discovery, and it was

undisputed that she never served any requests for written discovery or notices of depositions under Federal Rule of Civil Procedure 30. The Court further found that relief under Rule 56(d) was not warranted because the plaintiff had not advanced any plausible or specific reasons why she could not have obtained the facts essential to her opposition through the usual means and within the time previously allowed for discovery in this matter.

II.

The plaintiff has moved to dismiss the entire case voluntarily without prejudice. The County defendants predictably oppose that motion and seek a ruling on their summary judgment motion. The Healthcare defendants have not responded.

"Federal Rule of Civil Procedure 41(a)(2), for voluntary dismissal by court order, provides that 'an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.'" *Malibu Media, LLC v. Redacted*, 705 F. App'x 402, 407 (6th Cir. 2017). Dismissal without prejudice is the usual outcome of such a motion, but it may be denied upon a showing that the defendant "would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Ibid.*

The plaintiff's motion is in substance merely a rehash of arguments already presented and a transparent attempt to procure by other means the scheduling relief that the Court previously

denied, by rebooting the entire litigation. The pertinent factors all weigh heavily against that indulgence, and for several reasons it would work plain legal prejudice if allowed, at least against the County defendants.

*First*, the County defendants' efforts at preparing for trial are at least tangible, although modest, where counsel has invested time in propounding discovery and filing a dispositive motion addressing the various claims pleaded. *Second*, as the Court previously found, there is no excuse apparent from the record for the complete failure by plaintiff's counsel to make any detectable effort to obtain the discovery that the plaintiff now says she needs to rebut the defendants' challenges. That lack of diligence contrasts with conduct of the County defendants' counsel, who worked up the case within the original case management timeline established by the Court. *Third*, the plaintiff has offered no credible justification for allowing a dismissal without prejudice at this stage of the case, other than her obvious desire to restart the litigation and secure by other means the scheduling relief that the Court previously found no good reason to grant. Finally, dismissal without prejudice is not appropriate where a dispositive motion is pending before the Court and was filed well in advance of the request for voluntary dismissal.

These same factors, however, do not weigh as heavily for the Healthcare defendants. They have not opposed the motion to dismiss, and they appear to have been only barely more zealous in their pursuit of the litigation than the plaintiff, having engaged in no apparent efforts to obtain discovery or engage in any timely dispositive motion practice. Without any such investment in the case, a dismissal without prejudice, which is the norm, *Malibu Media*, 705 F. App'x at 407, would not cause the Healthcare defendants any "plain legal prejudice," and the inconvenience would not extend beyond "the mere prospect of a second lawsuit," *Grover*, 33 F.3d at 718.

The Court will grant the motion and dismiss the case without prejudice as to the Healthcare defendants and deny it as to the County defendants.

III.

The County defendants — and only the County defendants — have moved for summary judgment. The Healthcare defendants, separately represented, did not file any dispositive motion. Instead, they attempted to file a "joinder" in the county defendants' motion more than six months after the dispositive motion filing deadline had lapsed, purporting to point out that the arguments presented by the County defendants offered grounds for the Court to resolve the entire litigation without a trial. The Court struck that joinder (styled as a "response" by the co-defendants), finding that it was untimely and procedurally improper.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When reviewing the motion record, "[t]he court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Alexander v. CareSource*, 576 F.3d 551, 557-58 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

The County defendants raise qualified immunity as a defense to the claims against the individual defendants and contend that the plaintiff has not supported her claims against the County with evidence of a custom- or policy-based constitutional violation. To overcome the qualified immunity defense, the plaintiff must offer evidence that shows that her decedent suffered a violation of a constitutional right, and also must show that the right was clearly established at the time. *Baynes v. Cleland*, 799 F.3d 600, 609 (6th Cir. 2015) (citing *Harlow v. Fitzgerald*, 457 U.S.

800, 818 (1982); *Phillips v. Roane County, Tenn.*, 534 F.3d 531, 538-39 (6th Cir. 2008)). This motion can be decided on the first element.

"Section 1983 of Title 42 of the United States Code imposes civil liability on those individuals who, acting under color of state law, deprive a citizen of, among other things, his federally guaranteed constitutional rights." *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015) (citing *Brosseau v. Haugen*, 543 U.S. 194, 197-98 (2004)). "To state a claim under § 1983, a plaintiff must set forth facts that, when favorably construed, establish: (1) the deprivation of a right secured by the Constitution or laws of the United States; (2) caused by a person acting under the color of state law." *Ibid.* (citing *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). The plaintiff must establish the liability of each individual defendant by that person's own conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

"'[A] prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs.'" *Richmond v Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). "An Eighth Amendment claim on these grounds is comprised of an objective and a subjective component." *Id.* at 937-38. "Thus, 'a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities.'" *Id.* at 938 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "'[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Ibid.* (quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004)). "The subjective component requires a showing that the

'official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" *Id.* at 939 (quoting *Farmer*, 511 U.S. at 837). "'[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Ibid.* "Failure by a jail medical staff to adhere to a prescribed course of treatment may satisfy the subjective component of an Eighth Amendment violation." *Ibid.*

Because the plaintiff has failed to advance any record evidence in support of her claims, the only pertinent evidence before the Court comes from the sparse materials in the decedent's jail file that were submitted by the moving defendants. That evidence was discussed earlier.

Without the benefit of any opposition or countervailing record evidence supplied by the plaintiff, the Court cannot draw any reasonable inferences from the available record suggesting either that any of the individual County defendants personally were involved in any violation of the decedent's rights, or that they perceived and ignored any of his serious medical needs. It is axiomatic that a party must come forth with specific evidence from the record in order to defeat a properly supported motion for summary judgment; here the plaintiff offers none. Moreover, the plaintiff concedes in her motion for voluntary dismissal that she has essentially no proofs to put forth without the benefit of "further discovery." But the Court allowed the parties ample time for discovery, and the plaintiff did nothing in that time to obtain any.

"Rule 56(c) requires a party objecting to a motion for summary judgment to support its assertions by 'citing . . . particular parts of materials in the record.'" *Dice Corp. v. Bold Techs.*, 556 F. App'x 378, 384 (6th Cir. 2014). Consequently, the Sixth Circuit has noted that it does "not entertain on appeal factual recitations not presented to the district court when reviewing a district court's decision." *Ibid.* (citing *Chi. Title Ins. Corp. v. Magnuson*, 487 F.3d 985, 995 (6th Cir. 2007); *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992)). "This burden to

respond is really an opportunity to assist the court in understanding the facts." *Guarino*, 980 F.2d at 405. "But if the non-moving party fails to discharge that burden — for example, by remaining silent — its opportunity is waived and its case wagered." *Ibid.* Moreover, "there is no duty imposed upon the trial court to 'search the entire record to establish that it is bereft of a genuine issue of material fact,'" and, consequently, "a court's reliance on the facts advanced by the movant is proper and sufficient." *Id.* at 404 (quoting *Street*, 886 F.2d at 1480).

Here, nothing in the record suggests that any of the individual defendants perceived and ignored any objectively serious medical need. The only condition of significant concern noted in the medical intake was the history of mental health issues; that appropriately was addressed by placing the decedent on suicide watch, during which time the decedent frequently was observed to be well and did not harm himself. He was released from suicide watch after a reevaluation by a nurse indicated that he had no present serious mental health concerns. When he fell off a top bunk bed the next day, he was taken to a medical facility to be treated for his injuries. So far as the record suggests, he was released three weeks later without further incident. None of those circumstances demonstrate plausibly any violation of the plaintiff's right to receive appropriate medical care for a serious health condition. The named employees of the Sevier County Jail are entitled to qualified immunity, because the plaintiff has failed to present any record evidence to sustain his claims that any of them individually violated his rights under any applicable law, federal or state.

Sevier County cannot be held liable under section 1983 solely for the acts of its agents; it is accountable under that statute for its own conduct. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that "a municipality cannot be held liable [under section 1983] solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on

a *respondeat superior* theory"). The plaintiff, therefore, must point to an official policy, custom, or practice of that contractor as the source of the constitutional violation. *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). And she must allege facts that show a causal connection between the policy and the injury. *Bd. of Cty. Commissioners v. Brown*, 520 U.S. 397, 404 (1997); *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012). However, the record is silent on what custom, policy, or practice of the County could have been a motivating force behind any alleged (so far as the record shows, nonexistent) constitutional violations. And there is no evidence that any custom, policy or practice of the County played any role in any harm that befell the plaintiff's decedent. The County therefore is entitled to judgment as a matter of law on the *Monell* claims.

IV.

The plaintiff has come forth with no evidence to sustain her claims, and the record supplied by the moving defendants does not demonstrate any violation of the decedent's constitutional rights while he was in the defendants' custody. Although the plaintiff has moved to dismiss the case against all defendants without prejudice, the County defendants would suffer plain legal prejudice as a result of a dismissal without prejudice. There is no basis to conclude, however, that the Healthcare defendants would be prejudiced by a dismissal of the case against them without prejudice.

Accordingly, it is **ORDERED** that the plaintiff's motion for voluntary dismissal without prejudice (ECF No. 54) is **GRANTED IN PART AND DENIED IN PART**. The complaint is dismissed without prejudice as to defendants QCHC, Inc. a/k/a Quality Correctional Healthcare, Rachel Parton, and Ricky Neice, **only**. The motion is **DENIED** in all other respects.

It is further **ORDERED** that the County defendants' motion fur summary judgment (ECF No. 31) is **GRANTED**. The complaint is **DISMISSED WITH PREJUDICE** against defendants Sevier County, Ronald L. Seals, Larry McMahan, Ian Morlean, Kyle Miller, David Buchan, Joey Leonard, and Malcolm Brandiff.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge
Sitting by special designation

Date: September 17, 2020